E-FILED
Thursday, 25 March, 2010  02:27:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Gregory Terry,
    Plaintiff

v.      Case No. 08-4063

Edward Woller,
    Defendant

**ORDER**

In an earlier Order (#44), Plaintiff was given leave to depose witness Keith Sanders, who is incarcerated at Illinois River Correctional Facility. Believing the motion to be routine, the Court granted the motion without waiting for a response from Defendant. Defendant has now filed a memorandum in opposition to the motion, opposition it apparently intended to file prior to any ruling. The Court construes the opposition memorandum as a motion to reconsider that prior Order.

In this opposition, Defendant makes several objections to this deposition. First, he complains that counsel for Plaintiff arranged the deposition before obtaining leave of court. According to Defendant, the motion is "defunct 'because this action was improper. I disagree. The Rule states that the court *must* grant leave if the parties have not stipulated to a deposition and the deponent is in prison, unless the deposition would somehow be inconsistent with other discovery rules. Fed.R.Civ.P. 30(a)(2)(B). Nothing is said in the Rule itself about the proper sequence of events, and I see nothing wrong with making arrangements before obtaining leave.

If there is some reason the deposition should not be taken, the arrangements can be cancelled.

Second, Defendant complains that the deposition topics "are protected by the attorney-client privilege" and that Sanders has not waived that privilege. Blanket assertions of attorney client

privilege are not allowed. Such assertions "must be made and sustained on a question-by-question or document-by-document basis." U.S. v. White, 950 F.2d 426, 430 (7th Cir. 1991), quoting In re Walsh, 623 F.2d 489, 493 (7th Cir.), cert. denied, 449 U.S. 994 (1980); see also Smith v. Berge, -F.2d -, No. 97-2118, table at 139 F.3d 902, 1998 WL 109719,*2, March 9, 1998 (7th Cir.); Holifield v. U.S., 909 F.2d 201, 204 (7th Cir. 1990). The party invoking the privilege bears the burden of establishing all essential elements of a claim of privilege. White, 950 F.2d at 430.

I therefore find there is no reason to vacate or amend the prior Order. The deposition of Keith Sanders may proceed as previously ordered. Any assertions of privilege must be asserted on a question by question or document by document basis. Upon completion of the deposition, any specific disputes about questions or answers shall be brought promptly to the Court's attention.

ENTERED ON  March 25, 2010

                                 s/ John A. Gorman

                        JOHN A. GORMAN
            UNITED STATES MAGISTRATE JUDGE