UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Gregory Terry, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-4063 |
| | ) | |
| Edward Woller, | ) | |
| Defendant | ) | |

**OPINION and ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court is the defendant's motion (#39) to dismiss Counts III and IV and to strike plaintiff's prayer for punitive damages. As explained herein, the motion is GRANTED IN PART AND DENIED IN PART.

**MOTIONS TO DISMISS GENERALLY**

In the Supreme Court's most recent articulation of the standards that govern motions to dismiss, the Court made it clear that notice pleading is still the rule. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court did emphasize, however, a plaintiff's obligation to plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 1964. The complaint must include enough factual allegations to "to raise a right to relief above the speculative level." Id.. The Court went on to note that:

> Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at 1965. The Seventh Circuit has cautiously applied Bell. See discussion in Tamayo v. Blagojevich, 526 F.3d 1074 (7th Cir. 2008).

In Lang v. TCF Nat'l Bank, - F.3d -, No. 07-1415, 2007 WL 2752360, Sept. 21, 2007 (7th Cir.), the court noted that notice-pleading is still all that is required: a plaintiff still must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." Lang, 2007 WL 2752360, at *2.

Notice pleading means that, for purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. Bell Atlantic, 550 U.S. at 555.

Where fraud or mistake is alleged, the complaint "must state with particularity the circumstances constituting the fraud or mistake." Fed.R.Civ.P. 9(b). This means the plaintiff must plead the who, what, when, where, and how of the fraud. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). See Siegel and Siegel v. Shell Oil Co., 480 F.Supp. 2d 1034, 1039 (N.D.Ill 2007), citing Vicom Inc. v. Harbridge Merchant Svcs, Inc., 20 F.3d 771,777 (7th Cir. 1994).

## BACKGROUND

This four count complaint arises out of Edward Woller's legal representation of Gregory Terry during criminal proceedings. The following factual recitation is taken from the allegations of the complaint, which are accepted as true for purposes of this motion,.

Terry was a passenger in a car driven by Keith Sanders; the car was owned by Sanders' girlfriend. Plaintiff went with Sanders from Flint, Michigan (where Sanders' girlfriend lived) to Des Moines, Iowa, to watch a basketball game in which Sanders' cousin was playing. The men drove all night to get to Iowa. They stopped briefly at the home of a friend of Sanders and then began to return to Michigan when Sanders was unable to locate his cousin. Sanders was stopped for speeding

in Illinois, and a sealed box containing cannabis was found in the trunk of the car. The pair were arrested and charged with cannabis trafficking, unlawful possession with intent to deliver, and unlawful possession of cannabis. Terry told the arresting officer all of the above. Sanders, on the other hand, made incriminating statements, indicating he was solely responsible for the existence of the cannabis in the car.

Woller represented both Terry and a co-defendant in their subsequent criminal trials. Prior to entering into this arrangement, Woller did not explain to Terry all the implications of common representation, including benefits and/or consequences, nor did he explain matters sufficiently to allow Plaintiff to make informed decisions about the joint representation.

In opening statements during Terry's trial, Woller told the jury that Sanders might testify. Terry testified at his trial, consistently with what he had told the arresting officer. The arresting officer also testified that Sanders had stated Terry had nothing to do with the drugs. On further questioning, he clarified that Sanders' statement meant that Sanders was the sole owner of the cannabis. Although Sanders was willing to waive his Fifth Amendment rights, Woller did not call him to testify in Terry's trial, and Terry was convicted. On appeal, his conviction was reversed on a finding that the evidence failed to establish his guilt beyond a reasonable doubt.

Terry then filed this four count complaint. In Count I, Terry asserts that Woller failed to represent him with the skill and diligence ordinarily possessed by attorneys practicing in Illinois. Specifically, Plaintiff alleges that Woller knew or should have known that a conflict of interest existed due to Woller's joint representation of both Terry and Sanders because their interests were directly adverse and that, as a result, Woller violated his legal duties to Terry by failing to put on a complete defense, by misleading the jury and the court into believing that Sanders would testify,

and by failing to call Sanders when Sanders was willing to waive his Fifth Amendment rights.

In Count II, which is plead in the alternative to Count I, Plaintiff alleges that the inadequate representation breached Woller's contract to provide competent legal representation to Terry. The underlying facts are identical to Count I.

In Count III, Terry claims that Woller fraudulently induced him into the relationship by intentionally misrepresenting and concealing material facts regarding the alleged conflict of interest. In Count IV, Terry alleges negligent misrepresentation and omissions of material facts that induced him into the relationship with Woller. In all four counts, Terry seeks actual damages; in Counts III and IV, he also seeks punitive damages[1].

## DISCUSSION

Defendant's motion misconstrues the nature of Counts III and IV. These two counts are based on what Defendant allegedly said and did in order to get Plaintiff to agree to his representation. Counts I and II, on the other hand, are based on the ways in which that representation was alleged to have been deficient at trial. While both issues hinge in significant part on the same question ( i.e. whether it was a conflict of interest for Woller to represent both men), that does not preclude there being two or more separate injuries.

Defendant argues that the question whether there was a conflict of interest is not a question of "fact" but one of legal opinion or legal conclusion. Hence, Defendant reasons, there can be no action for fraud because opinion cannot form the basis for such an action. Continental Bank v. Meyer, 10 F.3d 1293 (7th Cir. 1993); Marino v. United Bank of Illinois, 484 N.E.2d 935, 938

---

[1] Terry has also prayed for punitive damages in Count II. In response to the motion, Terry concedes that the prayer for punitive damages in Count II should be stricken. To that extent, the motion is GRANTED.

(Ill.App.1985).

It is true that the existence of a conflict of interest is a conclusion. But it is a conclusion drawn from facts, and here the facts that might lead on to conclude that it was a conflict of interest for Woller to represent both defendants are very different from the facts that might lead one to conclude that Woller's representation of Terry was infirm.

The elements of a common law fraud claim based on fraudulent misrepresentation are: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damages resulting from the reliance. Doe v. Dilling, 888 N.E.2d 24, 35-36 (Ill.2008). A claim based on fraudulent concealment requires the same proof, except that the first element is the concealment of a material fact when there is a duty to disclose the fact. W.W. Vincent & Co. v. First Colony Life Ins. Co., 814 N.E.2d 960 (Ill.App.2004). Count III adequately alleges these elements.

The Illinois Supreme Court has explained that the elements of the tort of negligent misrepresentation has essentially the same elements as fraudulent misrepresentation,

> except that the defendant's mental state is different. The defendant need not know that the statement is false. His own carelessness or negligence in ascertaining its truth will suffice for a cause of action. ... [A] plaintiff must also allege that the defendant owes a duty to the plaintiff to communicate accurate information.

Board of Educ. of Chicago v. A,C.&S, Inc., 546 N.E.2d 580 (Ill.1989), quoted in Dilling, 888 N.E.2d at 45. Count IV adequately alleges these elements.

None of this is to say that Plaintiff will be able to prove these elements or that proof of the elements will necessarily lead to the conclusion that there existed a conflict of interest. Such conclusions are not necessary at this point of the proceedings.

## CONCLUSION

The Motion to dismiss [#39] is GRANTED IN PART AND DENIED IN PART. The prayer for punitive damages in Count II is stricken. The remainder of the motion to dismiss is denied. Defendant shall file a unified answer to all four counts of the amended complaint within 14 days of the date of this Order.

ENTERED ON April 22, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE