## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Gregory Terry, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-4063 |
| | ) | |
| Edward Woller, | ) | |
| Defendant | ) | |

## ORDER

Now before the Court is the Plaintiff's Motion to Reconsider (#81) this Court's Order of July 30, 2010 (#79). As explained herein, the Motion is DENIED.

## BACKGROUND

To fully grasp the issues raised by the instant motion, it is necessary to understand the history of several previous rulings, including the one in question at this time.

On May 14, 2010, Defendant filed a motion to strike (#61) the expert disclosure made by Plaintiff. This motion pointed out that February 15, 2010 was the deadline for Plaintiff to disclose experts. Pursuant to Fed.R.Civ.P.26(a)(2), expert disclosure requires production of a written report from the expert that contains all of his opinions, as well as the data and information on which those opinions are based, any exhibits, the expert's CV, a list of cases in which the expert has testified, any publications he authored, and his compensation.

On February 20, 2010, Plaintiff's counsel had sent a letter to defense counsel, identifying (for the 3rd time) who his expert witness was. The letter stated in full, "Please be advised that this letter is being sent to disclose Professor Richard S. Kling as our expert in this matter. At the present time there is no report from Professor Kling. However, his opinion is that the defendant violated attorney standards for a criminal defense lawyer." As the letter made clear, there was no report from

the expert, nor did the letter include any of the other items required by rule 26.

In his opposition to this motion (#63), filed on May 18, 2010, Plaintiff's counsel acknowledged that he should have sought an extension of the disclosure deadline; no explanation was given for the failure. He further stated that the expert "has not prepared a report detailing his expert opinions as the deposition of a crucial witness, Keith Sanders, was just completed on May 14, 2010." He went on to state that a full disclosure from this expert was expected before June 1, 2010, "well before" the discovery deadline of June 25.

In his memorandum in opposition (#64), Plaintiff stated: "Rather than preparing an incomplete report, Professor Kling instead waited for the testimony of Keith Sanders to provide him with the ability to accurately analyze the most critical issues in this case." Plaintiff went on to argue that the Court should exercise its discretion to extend the expert disclosure date in order to prevent "a substantial injustice" that would result should the expert be wholly barred.

In its Order (#66), the Court denied the motion to strike. The Order found that there was no good cause for the late and incomplete disclosure. Nonetheless, the Court went on to consider whether refusing to grant the also-late-filed motion to extend the disclosure deadline, under Local Rule 6.1, would "create a substantial injustice." Finding that it would, the Court set June 18 as the new disclosure date, with deposition of the expert to occur before June 25. Attorney's fees for the Defendant were also ordered.

On June 17, Defendant filed a Motion to Reconsider (#69) that portion of the order imposing sanctions, finding that the sanctions imposed were grossly inadequate to remedy the prejudice that Defendant had incurred as a result of the late disclosure. As of June 17, Professor Kling's report had not yet been tendered. The prejudice incurred by Defendant, as stated by Defendant, was: (1) Counsel would have only one week to review Kling's report and to prepare for the deposition; (2)

if new opinions, beyond the topic stated in the February 20 letter from Plaintiff's counsel, were disclosed in the report, there was no time in the schedule for Defendant to disclose rebuttal opinions and/or experts; (3) the deadline for *Daubert* challenges was May 14, before the disclosure was made, taking away Defendant's time to challenge this expert's qualifications and/or opinions; and (4) Plaintiff's expert gained a tactical advantage by reviewing the Defendant's expert report before preparing his own. Defendant proposed that the Court amend its order to limit Kling's report to his opinion that the defendant violated attorney standards for a criminal defense lawyer.

In his 2 page response to the motion, Plaintiff did not specifically address any of the areas of prejudice identified by Defendant. Plaintiff simply stated the opinion that the Court's Order was fair as written and that none of the opinions rendered was surprising.

Defendant supplemented his motion to reconsider with the deposition transcript of Professor Kling (See Docs. #74 and 75). He pointed out that as of the date of the deposition - indeed, as of the date the supplementation was filed - Plaintiff has still not provided billing records or a compensation agreement with Kling. More importantly, however, Kling's testimony contradicted some of Plaintiff's prior statements about why the expert report had not been prepared by May 14. As the Order notes, Kling testified that he did not "need" Sanders' testimony to prepare his report, that he never told Plaintiff's counsel that he did need that testimony first, and further that he could have been more specific about the February 20 opinion stated in Plaintiff's counsel's letter "from the beginning." Finally, Kling testified that Plaintiff's counsel had never advised him that there was a deadline for serving his report; the first time he learned of a deadline was after the Court's June 14 Order extending the disclosure deadline.

Plaintiff's response attempted to 'spin' Kling's testimony, even to the extent of a clarifying affidavit from him. The Court discounted Kling's affidavit because of its "vague and apparently

artful" language. The Court granted the motion to reconsider, agreeing that an award of attorney's fees was inadequate to remedy prejudice to Defendant. Four additional remedies were imposed:

1. Kling's testimony was limited to the topic stated in the February 20 letter.
2. All Rule 26 information was to be served within 7 days.
3. Defense counsel was given the option to take a supplemental deposition of Kling, with costs to be borne by Plaintiff or his counsel.
4. The deadline for filing dispositive motions was extended to September 24.

## MOTIONS TO RECONSIDER GENERALLY

Motions to reconsider should only be presented when law or facts change significantly after an issue has been presented to the court, when the court has "patently misunderstood a party", when the court has made a decision outside the adversarial issues presented; or when the court has made an error "not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, 906 F.2d 1185, 1191 (7th Cir. 1990). See also, Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir.1996)("Motions for reconsideration do not provide a vehicle for a party to introduce new evidence or legal theories that could have been presented earlier."), cited in Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir.2006).

## DISCUSSION

Plaintiff has now filed a Motion to Reconsider one of those new remedies, asserting that he will suffer "substantial" and "unfair" injustice if Kling's testimony is limited.

With respect to "substantial injustice," Plaintiff appears surprised that the Court "unexpectedly changed course" and imposed additional remedies, in light of the fact that he has complied with the new schedule. That entirely misses the point , namely, that the new schedule created prejudice for the Defendant that was not considered by the Court at the time the Order was entered. No question but that the new remedy creates an injustice to Plaintiff, but it is an injustice created by Plaintiff's and his counsel's own conduct. It is therefore not cognizable as "substantial"

and it does not form an adequate basis for reconsideration of the Order.

Plaintiff also asserts that the prejudice is unfair, because at no time has he or his counsel misled the Court. That is simply not the case. Kling's testimony directly contradicts counsel's statement, quoted above, that "Rather than preparing an incomplete report, Professor Kling instead waited for the testimony of Keith Sanders to provide him with the ability to accurately analyze the most critical issues in this case." Kling only waited because counsel did not direct him to prepare a report. The date of Sanders' deposition had absolutely nothing to do with the timing of Kling's report, and all of Plaintiff's efforts to convince the Court that there was a connection are for naught.

Neither of Plaintiff's arguments fall within the parameters of a proper motion to reconsider. The arguments presented have either already been presented to the Court and rejected, or they could have been presented to the Court but were not.

## CONCLUSION

The Motion to Reconsider is DENIED for the reasons stated herein. The remedies imposed by the Order of July 30, 2010, remain as previously ordered.

ENTERED ON November 18, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE